UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| RENE D. MEYER,<br><br>Plaintiff,<br><br>vs.<br><br>JUDGE PATRICK SCHROEDER, JUDGE ERIC JOHNSON, MINNEHAHA COUNTY, INC., MINNEHAHA STATE'S ATTORNEY'S OFFICE – AARON MCGOWAN, STATE OF SOUTH DAKOTA, INC., ATTORNEY GENERAL – MARTY JACKLEY, MINNEHAHA PUBLIC DEFENDER'S OFFICE LISA CAPELLUPO,<br><br>Defendants. | CIV. 4:18-CV 04037-KES<br><br>ORDER GRANTING MOTIONS TO DISMISS |

Plaintiff, Rene D. Meyer, brought suit against defendants alleging various violations of her civil rights, including her right to a jury trial, right to a court appointed attorney, and her rights as a "sovereign citizen." Docket 1 at 1. The complaint also alleges that defendants violated the Racketeer Influenced and Corrupt Organizations Act (RICO). *Id.* at 1. Meyer alleges these violations have caused harm to her reputation and impeded her ability to obtain employment opportunities. Defendants move to dismiss under 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Meyer opposes the motions. For the following reasons, defendants' motions to dismiss are granted. Dockets 10, 13, 16.

## BACKGROUND

Meyer filed a *pro se* complaint on April 10, 2018, naming defendants, Judge Patrick Schroeder, Judge Eric Johnson, Minnehaha County, Minnehaha State's Attorney's Office, Aaron McGowan, Minnehaha Public Defender's Office, Lisa Capellupo, State of South Dakota, Office of the Attorney General, and Marty Jackley, and alleging various violations of her civil rights and RICO violations. Docket 1 at 1.

Meyer's allegations stem from an incident that occurred on July 12, 2017, when Meyer was found selling alcohol to someone under the age of 21 in Minnehaha County. Docket 1 at 2. On July 19, 2017, the state charged Meyer, by criminal complaint, with one count of furnishing alcohol to a minor between the ages of 18 and 21 under SDCL § 35-9-1.1. Docket 17 at 1. A violation of SDCL § 35-9-1.1 is a Class 2 misdemeanor punishable by up to thirty days imprisonment or a five hundred dollar fine, or both. SDCL § 22-6-2.

On July 27, 2017, Meyer was appointed a Minnehaha County public defender. Docket 17 at 2. A pre-trial conference was held on August 29, 2017, and a trial was scheduled for September 12, 2017. *Id.* After several requests for delay from both Meyer and the state, the complaint against Meyer was dismissed under SDCL § 23A-44-2 and the public defender was discharged on March 30, 2018. *Id.* Meyer paid no penalty and served no jail time. Docket 11 at 2.

On April 10, 2018, Meyer filed this complaint challenging the state court case even though the charge had been dismissed by the State's Attorney.

Docket 17 at 2. Defendants separately move to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Dockets 10, 13, 16. Plaintiff opposes the motions to dismiss. Docket 19.

## DISCUSSION

### I. Minnehaha County, Minnehaha State's Attorney's Office, Aaron McGowan, Minnehaha Public Defender's Office, Lisa Capellupo

Minnehaha County defendants move to dismiss Meyer's claim under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Docket 16. When reviewing a motion to dismiss under Rule 12(b)(6), the court assumes that all facts in the complaint are true and construes any reasonable inferences from those facts in the light most favorable to the nonmoving party. *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). The factual content in the complaint must " 'allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). As a *pro se* plaintiff, the court applies the pleading standards liberally in favor of the complaint; however, the court " 'will not supply additional facts, nor will [it] construct a legal theory for plaintiff that assumes facts that have not been pleaded.' " *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (quoting *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

If the complaint does not contain these bare essentials, dismissal is

appropriate. *See Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Bell Atl. Corp.*, 550 U.S. at 556). Federal pleading rules call for "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), but they do not require dismissal of a complaint for imperfectly stating a claim.

### A. § 1983 Claim

Because Meyer's non-RICO claims involve allegations of the deprivation of her civil rights, it is fair to construe her claim as a cause of action under 42 U.S.C. § 1983. "Section 1983 creates a species of tort liability for the deprivation of any rights, privileges, or immunities secured by the Constitution." *Manuel v. City of Joliet*, 137 S. Ct. 911, 916 (2017) (internal citation omitted). "The essential elements of a constitutional claim under § 1983 are (1) that the defendant acted under the color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *L.L. Nelson Enters., Inc. v. Cty. of St. Louis*, 773 F.3d 799, 805 (8th Cir. 2012) (citing *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009)).

Even assuming that Minnehaha County defendants were acting under

4

color of state law, the complaint fails to allege that Meyer was deprived of any constitutional right. Meyer alleges that she was deprived of her Sixth Amendment right to a jury trial. Docket 1 at 1. But the misdemeanor Meyer was charged with is a petty offense under South Dakota law because it carried a maximum penalty of only thirty days imprisonment. *See South Dakota v. Auen*, 342 N.W.2d 236, 238 (S.D. 1984) (stating that offense carrying maximum prison term six months or less is presumed petty). The United States Supreme Court has consistently held that petty offenses are not subject to the Sixth Amendment jury trial provision. *See, e.g., Duncan v. Louisiana*, 391 U.S. 145, 159 (1968). Meyer also contends that she was deprived of her right to counsel. Docket 1 at 1. But the right to counsel is only violated when a criminal defendant is denied counsel and subsequently sentenced to a term of incarceration. *United States v. Cavanaugh*, 643 F.3d 592, 597 (8th Cir. 2011) (citing *Scott v. Illinois*, 440 U.S. 367, 373-74 (1979)). In this case, and as noted in the complaint, no jail sentence was sought, so Meyer's right to counsel could not have been violated. *See* Docket 1 at 3. Finally, all of Meyer's claims regarding rights as a "sovereign citizen" are rejected as frivolous. *See United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (rejecting "sovereign citizen" as a constitutionally relevant status).

Because Meyer fails to state a § 1983 claim upon which relief can be granted, the motion to dismiss by Minnehaha County, Minnehaha State's Attorney's Office, Aaron McGowan, Minnehaha Public Defender's Office, and Lisa Capellupo (Docket 16) is granted.

### B. RICO Claim

The Eighth Circuit has held that in order to prove a RICO violation, a plaintiff must produce evidence that (1) an enterprise existed; (2) the enterprise affected interstate or foreign commerce; (3) the defendant(s) was associated with the enterprise; (4) the defendant participated, directly or indirectly, in the conduct of the affairs of the enterprise; and (5) the defendant participated in the enterprise through a pattern of racketeering activity by committing at least two racketeering acts. *Aguilar v. PNC Bank, N.A.*, 853 F.3d 390, 402 (8th Cir. 2017) (footnote omitted) (quoting *United States v. Darden*, 70 F.3d 1507, 1518 (8th Cir. 1995)). Each element must be alleged to state a valid claim. *See, e.g.*, *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 354 (8th Cir. 2011). Meyer's complaint fails to properly allege any element of a RICO violation. Instead, Meyer presents non-specific conclusory statements about the entire judicial and governmental systems being rigged against her. Meyer's RICO claim is without merit and the motion to dismiss by Minnehaha County, Minnehaha State's Attorney's Office, Aaron McGowan, Minnehaha Public Defender's Office, and Lisa Capellupo (Docket 16) is granted.

### II. Judge Schroeder and Judge Johnson

Judge Schroeder and Judge Johnson move for dismissal of Meyer's claims based on lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). Docket 10 at 3. Judge Schroeder and Judge Johnson argue that they possess absolute judicial immunity and, additionally, the

claims against them are barred by the Eleventh Amendment of the United States Constitution. *Id.* The court agrees that Judge Schroeder and Judge Johnson are entitled to judicial immunity.

Judges retain absolute immunity from liability for acts committed within their judicial jurisdiction. *See, e.g.*, *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967). A judge's actions constitute a protected judicial act if they are: (1) a function normally performed by a judge; and (2) the party dealt with the judge in his judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978).

The court takes judicial notice that Judge Johnson and Judge Schroeder are two of the four full-time magistrate judges created and authorized by the South Dakota legislature. *See* SDCL § 16-12B-1.1; Docket 11 at 4. Magistrate judges have criminal jurisdiction under SDCL § 16-12B-11, which provides that "a magistrate judge presiding has . . . jurisdiction . . . to try and determine all cases of misdemeanor . . . ." So as magistrate judges, both Judge Johnson and Judge Schroeder had statutory jurisdiction to hear and determine Meyer's criminal case because SDCL § 35-9-1.1, the statute Meyer was alleged to have violated, is a Class 2 misdemeanor.

Here, there is no question that the actions complained of by Meyer included those normally performed by a judge and that they were done by Judge Schroeder and Judge Johnson in their judicial capacity. Meyer's allegations concern routine procedures like holding first appearances, scheduling hearings, moving hearings, signing orders, appointing counsel, scheduling a trial, etc. Also, Judge Schroeder and Judge Johnson had contact

7

with Meyer only because they were the judges assigned to hear and determine the criminal case against her. Thus, Judge Schroeder and Judge Johnson are entitled to judicial immunity.

Because Judge Schroeder and Judge Johnson are entitled to judicial immunity, this court has no subject matter jurisdiction to determine Meyer's claims against them. Thus, Judge Schroeder and Judge Johnson's motion to dismiss (Docket 10) is granted.

**III.  State of South Dakota, Office of the Attorney General, and Marty Jackley**

The State of South Dakota, Office of the Attorney General, and Attorney General Marty Jackley argue that Meyer's claims should be dismissed under the Eleventh Amendment. Docket 13. Eleventh Amendment immunity provides that states, state agencies, and arms of the state are immune from suit in federal court. *See, e.g.*, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-73 (2000).

The Eleventh Amendment bars any claims brought against a state or state agency unless Congress has abrogated the state's immunity or the state has expressly waived its immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984). Congress must make its intention to abrogate the states' constitutionally secured immunity "unmistakably clear in the language of the statute." *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 242 (1985). South Dakota is not consenting to this suit and § 1983 does not contain a clear legislative statement abrogating a state's immunity under the Eleventh Amendment. *See Larson v. Kempker*, 414 F.3d 936, 939 n.3 (8th Cir. 2005). Nor has Congress expressed a clear intention to abrogate the states' immunity

8

rights from claims brought under RICO. *See McMaster v. Minnesota*, 819 F. Supp. 1429, 1434 (D. Minn. 1993), *aff'd*, 30 F.3d 976 (8th Cir. 1994).

In the present case, the state of South Dakota and the Office of the Attorney General must be dismissed because they are a state and a state agency. *See* SDCL §§ 1-11-1 to -35 (establishing Office of the Attorney General as a state agency). As for Attorney General Marty Jackley, any claims asserted against him must also be dismissed because they are interpreted by the court as being against him in his official capacity. None of Meyer's claims specify that they are against Jackley in his personal capacity and there is nothing contained in the complaint to suggest that they are. *See Remington v. Hoopes*, 611 F. App'x 883, 885 (8th Cir. 2015) (per curiam) (requiring a clear statement indicating that the plaintiffs are suing the defendants in their individual capacities).

The Eleventh Amendment bars all alleged claims seeking damages against South Dakota, Office of the Attorney General, and Marty Jackley. This includes both Meyer's § 1983 claim and Meyer's RICO claim. Thus, the court does not have subject matter jurisdiction and the motion to dismiss (Docket 13) is granted.

**CONCLUSION**

Meyer has failed to state a claim upon which relief may be granted against Minnehaha County, the Minnehaha County State's Attorney's Office, Aaron McGowan, Minnehaha Public Defender's Office, and Lisa Capellupo. The Court does not have subject matter jurisdiction over Meyer's claims against

9

Judge Schroeder, Judge Johnson, the State of South Dakota, the Office of the Attorney General, or Marty Jackley. Thus, it is

ORDERED that defendants' motions to dismiss without prejudice (Dockets 10, 13, 16) are granted.

DATED August 1, 2018.

BY THE COURT:

*Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE